IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AARON B. WRIGHT,

      **Plaintiff,**

      v.                                                             CASE NO. 25-3251-JWL

JEFF EASTER, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is in custody at the Douglas County Correctional Facility in Lawrence, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On November 26, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC"), ordering Plaintiff to show good cause why his claims should not be dismissed for the reasons set forth in the MOSC. The Court also granted Plaintiff the opportunity to file an amended complaint to cure the deficiencies. Plaintiff has now filed an Amended Complaint (Doc. 5). The Court's screening standards are set forth in the MOSC.

**I. Nature of the Matter before the Court**

Plaintiff alleges that he was convicted of two separate counts of attempted murder in Case No. 1996-CR-0190 in the District Court of Douglas County, Kansas. (Doc. 5, at 2.) Plaintiff claims that "[t]here [was] another misdemeanor charge of Unlawful Use of Weapon of which the charge doesn't exist." *Id*. Plaintiff alleges that on December 15, 2019, he was arrested for criminal possession of a weapon by a convicted felon and driving under the influence in Case No. 2019-CR-3756 in the District Court of Sedgwick County, Kansas. *Id*. Plaintiff alleges that he was incarcerated for a year with no court hearing. *Id*. Plaintiff alleges that his Unlawful Use of

Weapons charge was not mentioned in his "120 reviews while incarcerated" but was "ex post" mentioned in his Criminal History Record Data. *Id*.

As Count I, Plaintiff alleges that his Fourth Amendment rights were violated when there was no probable cause for a search. *Id*. at 3. Plaintiff alleges that on December 15, he was pulled over by an off-duty officer while Plaintiff was going to the grocery store. *Id*. Plaintiff states that prior to this he had been sitting at home. *Id*.

As Count II, Plaintiff alleges that his Fifth Amendment right against self-incrimination was violated when he was compelled to be a witness against himself. *Id*. In support, Plaintiff states that his "Criminal History Record claims explosives involved of which none were found causing job opportunity failure." *Id*. Plaintiff then states "[p]rofile pull overs, abuse of discretion for others to classify as register offender probable cause for search at random justifiable." *Id*.

As Count III, Plaintiff claims that his "due process rights were violated when Defendants entertained a crime charged lacking due process of justice in the court of law." *Id*. at 4. Plaintiff claims that the "misdemeanor charge [was] never adjudicated in which to determine if the crime charged exist[ed]." *Id*.

Plaintiff names as defendants: Jeff Easter, Sedgwick County Sheriff; and Jeff Zmuda, Kansas Department of Corrections Secretary of Corrections. Plaintiff alleges that Sheriff Easter charged Plaintiff with criminal possession of a weapon by a convicted felon under K.S.A. § 21-6304. *Id*. at 1. Plaintiff claims that Secretary Jeff Zmuda committed an abuse of process when he recorded frivolous information in his Criminal History Data Record that did not "coincide with General Statute by language or number." *Id*. at 2. Plaintiff seeks compensatory and punitive damages.

## II. DISCUSSION

The Court noted in the MOSC that Plaintiff's claims and allegations in his Complaint were hard to decipher. Plaintiff's claims in his Amended Complaint are also hard to decipher. The Court found in the MOSC that to the extent Plaintiff is arguing that the offer of a plea deal violates his right to be free from self-incrimination, such a claim is without merit.

The Court also found that Plaintiff's claims appear to relate to his state court criminal proceedings in 2019, and to the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy,* 455 U.S. 509, 518–19 (1982). Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.

In his Amended Complaint, Plaintiff continues to make claims regarding his 2019 state

3

criminal proceedings and seeks damages. Plaintiff has not alleged that the conviction or sentence has been invalidated. Before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck*, 512 U.S. 477. If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

Plaintiff has failed to show good cause why his claims regarding his 2019 conviction and sentence are not barred by *Heck*. If Plaintiff is seeking to challenge his sentence or conviction, such a claim must be brought in a habeas action.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.[1]

---

[1] A dismissal based on *Heck* is for failure to state a claim. *Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *see also Miles v. Kansas*, 770 F. App'x 432 (10th Cir. 2019) (unpublished).

**IT IS SO ORDERED**.

**Dated December 23, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
