## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**AARON B. WRIGHT,**

      **Plaintiff,**

      v.                               **CASE NO. 25-3251-JWL**

**JEFF EASTER, et al.,**

      **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff is in custody at the Douglas County Correctional Facility in Lawrence, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis.  On November 26, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC"), ordering Plaintiff to show good cause why his claims should not be dismissed for the reasons set forth in the MOSC.  The Court also granted Plaintiff the opportunity to file an amended complaint to cure the deficiencies.  Plaintiff filed an Amended Complaint (Doc. 5).  The Court screened the Amended Complaint and dismissed this case for failure to state a claim on December 23, 2025.  (Doc. 6).  This matter is before the Court on Plaintiff's Motion to Amend and Supplement Pleading Pursuant to FRCP 15 (Doc. 8) and motion seeking reconsideration of the Court's Memorandum and Order dismissing this case (Doc. 9).

Plaintiff's motion to amend or supplement provides one sentence in support.  He states that "Plaintiff amends and supplement his pleading in cause of action where defendants acted under the color of state law, when execution of search warrant pursuant to K.S.A. 22-2506, and denied Plaintiff his 4th Amendment Constitution right in the jurisdiction 18th Judicial District Court where they acted under the color of state law."  (Doc. 8.)

Plaintiff's motion seeking reconsideration is titled "Motion Objection to Ruling FRCP Rule 46" (Doc. 9.)  Plaintiff notes that the Court dismissed this action.  Plaintiff then states "the Defendants errored to exercise jurisdiction within their administration in order to claim offenses on Plaintiff where they acted under color of state law depriving Plaintiff of his 4th and 5th Amendment Constitution right of illegal and unlawful search and seizure of his liberty."  *Id*. Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can  establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d

1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

The Court dismissed this case, finding that Plaintiff failed to show good cause why his claims regarding his 2019 conviction and sentence are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court also found that if Plaintiff is seeking to challenge his sentence or conviction, such a claim must be brought in a habeas action. Nothing in Plaintiff's motion to amend or supplement or motion to reconsider warrant reconsideration of this Court's Memorandum and Order dismissing this case.

Plaintiff has failed to show an intervening change in the controlling law, the availability of new evidence that could not have been obtained previously through the exercise of due diligence, or the need to correct clear error or prevent manifest injustice. Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its December 23, 2025 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that the Clerk is directed to reopen this case for purposes of entering this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend or Supplement (Doc. 8) and Motion to Reconsider (Doc. 9) are **denied.**

**IT IS FURTHER ORDERED** that the Clerk is directed to close this case.

**IT IS SO ORDERED**.

**Dated January 6, 2026, in Kansas City, Kansas.**

S/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

3